# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 10-00990-TLM |
| GEORGE P. O'NEAL and ) | |
| JANET S. O'NEAL, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| RANDAL CALLIES and ) | |
| TRICIA CALLIES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No. 10-06052-TLM |
| ) | |
| GEORGE P. O'NEAL and ) | |
| JANET S. O'NEAL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

**BACKGROUND AND FACTS**

On April 14, 2010, George P. O'Neal and Janet S. O'Neal ("Debtors") filed a joint petition under chapter 7 commencing Case No. 10-00990-TLM.[1] On July

---

[1] Unless otherwise indicated, all statutory citations in this Decision are to the provisions of the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532. Additionally, citations to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, and those to the "Civil
(continued...)

MEMORANDUM OF DECISION - 1

20, 2010, Randal and Tricia Callies ("Plaintiffs") filed a complaint commencing this adversary proceeding. Plaintiffs' attorney was Randal J. French ("Counsel"). The complaint sought denial of Debtors' discharge under § 727(a)(3) and (4), and determination of dischargeability of debts owed Plaintiffs under § 523(a)(2), (4) and (6). Adv. Doc. No. 1. Debtors, though their attorney, Joseph M. Meier, answered the complaint.

In March, 2011, a pretrial conference was held. The Court set a bar date of September 16, 2011, for the conclusion of discovery. On September 7, a motion to compel responses to discovery was filed by Plaintiffs and noticed for an October hearing. However, at a hearing on September 28, with the appearance and assistance of both attorneys, the Court vacated that proposed October hearing, set a new discovery deadline of January 31, 2012, and set a trial date of June 20–22, 2012. Briefs, and disclosure of witnesses and proposed exhibits were required by May 21, 2012. These rulings were incorporated into a pretrial order entered on September 29. Adv. Doc. No. 29 ("Pretrial Order").

On May 21, Debtors filed their evidence disclosures, including identification of proposed Exhibits Nos. 200–240. Adv. Doc. No. 40. On that same date, Plaintiffs filed their evidence disclosures, including identification of

---

[1](...continued)
Rules" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 2

proposed Exhibits Nos. 101A–187Z. Adv. Doc. No. 42. Debtors filed their brief, Adv. Doc. No. 41, and Plaintiffs also timely filed their brief, Adv. Doc. No. 44 ("Plaintiffs' Brief"). In Plaintiffs' Brief, they expressly abandoned and indicated they would not pursue any causes of action under § 727(a) or under § 523(a)(2) or § 523(a)(4), and would try this case solely on their cause of action under § 523(a)(6).

On June 6, Plaintiffs made an untimely disclosure of additional proposed Exhibits Nos. 188A–191C. On June 14, Debtors filed a motion to vacate the trial set for June 20. That request was heard on June 15 and granted. Adv. Doc. No. 48 (minute entry). An order was subsequently entered on June 25, establishing October 17–19 as the new trial date. Adv. Doc. No. 49 ("Continuance Order"). The Continuance Order specifically provided that "all remaining deadlines contained in the Court's Pretrial Order, including discovery cutoff, briefing and exhibits, are unaffected [by the continuance of the trial]." *Id.*

Other than resetting the trial date, no requests were made at any time to vary or modify either the Pretrial Order or the Continuance Order.

Plaintiffs, on October 2, 2012, filed yet another "amended" exhibit list, adding proposed Exhibits Nos. 192–195, then additional amended exhibit lists on October 12 and 15, adding proposed Exhibits Nos. 196–199F. *See* Adv. Doc. Nos. 52, 54.

MEMORANDUM OF DECISION - 3

On October 12, Debtors filed a reply brief, Adv. Doc. No. 51, focusing on the § 523(a)(6) cause of action consistent with Plaintiffs' Brief filed in May. Later that day, Plaintiffs filed a reply brief, Adv. Doc. No. 53, purporting to resurrect the § 727(a)(3) and (a)(4) causes even though this was only five days before trial was to start.

On October 16, the day before trial, Plaintiffs' Counsel filed a motion to withdraw as attorney of record. That motion was heard on October 17, and it was granted.[2]

At a status conference on November 28, Plaintiffs appeared *pro se* and raised issues about reopening discovery, as well as complaints about how Counsel had handled the pretrial process including their earlier demands for discovery compulsion. After hearing fully from Plaintiffs and from Debtors' attorney, the Court took all such requests under advisement.[3]

## DISCUSSION AND DISPOSITION

### A. Parties are bound by the conduct of their attorneys

The Supreme Court in *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) stated:

> Petitioner voluntarily chose this attorney as his representative in the

---

[2] The transcript of that hearing is in the record. Adv. Doc. No. 67.

[3] A new trial date of February 13 and 14, 2013, was also established with the assistance and concurrence of Plaintiffs and Debtors.

MEMORANDUM OF DECISION - 4

> action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* at 633–34 (internal quotation marks omitted). The Ninth Circuit has followed *Wabash*. *See*, *e.g.*, *Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1144 (9th Cir. 1997); *Community Dental Serv. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). The Ninth Circuit Bankruptcy Appellate Panel also followed *Wabash* in *Eisen v. Golden (In re Eisen)*, 2007 WL 7532273, at *3 n.8 (9th Cir. BAP Oct. 26, 2007) (stating it is a "longstanding, fundamental principle that a party is accountable for its attorney's actions"). And this Court stated in *In re Hartman*, 2009 WL 4263503 (Bankr. D. Idaho Nov. 24, 2009): "Because 'the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel.'" *Id.* at *3 n.7 (quoting *Tani*, 282 F.3d at 1168).

This "longstanding, fundamental principle" binds Plaintiffs to the litigation decisions their Counsel made previously in this action.

### B.    Reopening discovery

Plaintiffs argue they should be entitled to reopen discovery because

MEMORANDUM OF DECISION - 5

Debtors failed to fully and completely respond to their prior discovery requests.[4] When questioned about lack of motions to compel or similar requests or objections before the discovery deadline ran in January, 2012 (other than the one motion to compel raised in September, 2011), Plaintiffs said Counsel failed to follow their instructions to seek an order of compulsion and pursue additional discovery. Plaintiffs desire to see certain documents and materials they believe were not produced and to conduct discovery into other matters and issues, including those relevant to § 727(a) causes of action.

However, the January 31, 2012 date by which all discovery was to be completed and concluded was clearly and expressly stated. This date was an extension of an original September, 2011 date and provided ample time for discovery and trial preparation. Further, when the trial set for June 12 was vacated on Debtors' motion and over Plaintiffs' objection, the Court emphasized that only the trial date was changed, and the continuance did not reopen discovery. In fact, the Continuance Order expressly stated that all earlier discovery and evidence deadlines established by the Pretrial order were unaffected. Adv. Doc. No. 49.

There was no request made to alter the Continuance Order or the Pretrial Order. But for the eleventh-hour withdrawal of Plaintiffs' Counsel, this matter

---

[4] Their disputes relate not just to discovery in this adversary proceeding, but alleged inadequacies in discovery in extensive prebankruptcy litigation.

was going to trial on October 17 based on the state of the record—including the Court's orders—established prior to June.

The Court appreciates Plaintiffs have issues with Counsel's approach to discovery and litigation, and acknowledges Plaintiffs' allegation that they advised Counsel of the defects they perceived in Debtors' discovery responses. These types of issues, however, are at best grounds for Plaintiffs' disputes with Counsel over the quality and extent of his performance, not for an order reopening discovery and trial preparation in this long-standing litigation.[5] Plaintiffs are not "entitled" to additional discovery. Discovery was over in January, and remains so.[6]

### C.    Limitation of issues at trial

In addition to the discovery issues, there is another matter that relates to the fact that Plaintiffs were, until October 17, represented by Counsel. As noted, Counsel in May, 2012, filed the Pretrial Brief in which Plaintiffs disclaimed any intention of proceeding with the § 727(a) and § 523(a)(2) and (a)(4) causes of action, and expressly stating they would try solely their claims under § 523(a)(6). Counsel also filed the reply brief five days before the October trial, in which

---

[5]  The Court expresses no opinion on the issues or disputes that exist or may exist between Counsel and Plaintiffs. Such matters appear to be for another forum, whether judicial, quasi-judicial or administrative.

[6]  The criticisms about the quality of discovery responses is similarly not well taken. The time to raise those issues was also prior to the January deadline.

MEMORANDUM OF DECISION - 7

Plaintiffs purported to reassert the previously abandoned § 727(a) causes.[7]

When the Court allowed Counsel to withdraw, it specifically mentioned this pending issue regarding Counsel's conduct while representing Plaintiffs. It commented then that "What Mr. French did when he [was] counsel of record is binding on the parties." Plaintiffs were thus aware of this issue as they prepared for the recent status conference. In comments at this conference, Plaintiffs acknowledged they had knowledge of the May, 2012 pretrial brief and the limitation of theories set forth therein, though they alluded generally to several strategic and other conflicts they had with Counsel. But those disputes are of no moment.

But for the withdrawal of Counsel, trial would have occurred in October. The Court intended to consider at that time whether it should limit the causes to be tried to the § 523(a)(6) claims, consistent with Plaintiffs' express May, 2012 representations, and was inclined to so rule. Nothing in the arguments made on November 28, and nothing in the Court's consideration of this question from and after October 17 through the date of this Decision, persuades the Court to allow the scope of litigation to be re-expanded.

---

[7] That reply brief attempted to argue that, despite being expressly abandoned, there had been no order actually dismissing the other causes of action, thus they remained available to Plaintiffs to reassert and try at their election. This sort of justification was thin and unpersuasive, and certainly did not address either the prejudice of leading Debtors to believe for almost 6 months that the causes were abandoned, or the sandbagging inherent in resurrecting the claims five days before trial was to commence.

There was no ambiguity whatsoever in Plaintiffs' Brief abandoning all causes of action under § 727(a) and under § 523(a)(2) and (4). Therefore, the February 2013 trial will be limited to the § 523(a)(6) cause of action.

**D.     Exhibits**

The Pretrial Order required disclosure of all proposed exhibits by May 21, 2012. As of that date, Debtors disclosed Exhibit Nos. 200–240, and Plaintiffs disclosed proposed Exhibit Nos. 101A–187Z. Subsequent to that deadline, Plaintiffs serially "amended" their disclosures to add further proposed exhibits. These attempts were not authorized, violated the final Pretrial Order, and were improper.

This Court recognized in *Boise City/Ada County Housing Authority v. O'Brien (In re O'Brien)*, 2011 WL 1457304 (Bankr. D. Idaho Apr. 15, 2011), that a party might seek relief from a pretrial order under Civil Rule 16(e), incorporated by Bankruptcy Rule 7016.[8] It there applied an equitable and flexible approach, similar to that employed under Civil Rule 60(b), which focuses on several elements, including: the extent of prejudice to movant if no relief is granted; the length of the delay between the entry of the order and the request to modify it; the potential impact of such relief on the judicial process; the reasons for the delay in

---

[8] Civil Rule 16(d) recognizes that pretrial orders are binding unless modified by the Court, and Civil Rule 16(e) establishes that a "final" pretrial order may be modified only to prevent "manifest injustice."

MEMORANDUM OF DECISION - 9

seeking relief, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith.

The first problem with the application of such an approach here is that no relief from the Pretrial Order was ever requested. Certainly Counsel was obligated to seek such relief when identifying proposed exhibits after the deadline had expired.

The second problem is that the Bankruptcy Appellate Panel has not only noted that clients are bound by the acts and omissions of their attorneys, but that Rule 60(b)(1) relief for "mistake" or "excusable neglect" is unavailable in such circumstances. *Herrero v. Guzman (In re Guzman)*, 2010 WL 6259994 (9th Cir. BAP Sept. 20, 2010) (noting that "poor litigation decisions, mistakes of law, or alleged malpractice" are not encompassed within the Civil Rule 60(b) authorities, including *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) and its progeny).

And the third problem is that, even if the Court were to deem the present arguments of Plaintiffs as a *de facto* motion for relief from the Pretrial Order, and were it to consider such a request, the request fails under the criteria of Civil Rule 16(e) or even under an *O'Brien* or *Pioneer Inv. Servs.*-type analysis. Focusing mostly on the delay while Plaintiffs were represented by Counsel, the length of the delay in raising such a request—from the May deadline until the recent November

MEMORANDUM OF DECISION - 10

status conference—is significant. In addition, the reasons for the delay were solely within Plaintiffs' control. Further, none of the arguments capably or sufficiently address the absence of good faith demonstrated by Plaintiffs' ignoring the requirements of the Pretrial Order in consistently "amending" their evidence disclosures after the deadline had passed. While such amendments may seem like minor violations, the Court views this conduct in the context of Plaintiffs also withdrawing the majority of the complaint's contentions only to attempt to reassert them months later on the eve of the scheduled trial. Such conduct appears to be gamesmanship, and not in good faith.

The exhibits for trial are therefore limited to those disclosed on or before May 21, 2012.[9] Whether or not there are properly allowable rebuttal exhibits is something committed to the Court's discretion at trial, and will require an appropriate showing by the party advocating their admission.

Finally, the Court notes that whether any of the proposed exhibits are actually admitted at trial will depend on compliance with the Federal Rules of Evidence. The parties may, of course, stipulate to the admission of exhibits, and often do so in adversary proceedings to streamline the presentation of the case and to conserve valuable in-court time for the testimony of witnesses. The Court

---

[9] Thus, Debtors' proposed exhibits are limited to their timely disclosed Exhibit Nos. 200–240. Debtors' identification of Exhibit No. 241 was also untimely.

MEMORANDUM OF DECISION - 11

would encourage Plaintiffs and Debtors' counsel to meet and confer prior to the commencement of the trial to see if any of the underlying, timely disclosed exhibits might be admitted by agreement.

### E. Mrs. Callies' participation as Plaintiff

Debtors raised an issue at the status conference concerning whether Mrs. Callies could be a proper Plaintiff. Debtors point to Plaintiffs' proposed exhibit No. 197. This document is a resolution signed by Mrs. Callies "as shareholder, director, and president" of Complete Property Management and Investment Realty, Inc. ("CPMIR"), assigning to Mr. Callies any and all claims against Debtor George O'Neal. According to Debtors, this indicates that Mrs. Callies has no claims, and should not be allowed to participate as a Plaintiff.

The argument is not well taken. The resolution appears to assign any and all claims held by CPMIR, not claims held by Mrs. Callies individually, if any.[10] The resolution does not resolve all potential questions of her personal interests or standing as a Plaintiff. She may participate at trial.

## CONCLUSION

Trial will occur on February 13 and 14, 2013. Plaintiffs' cause of action is

---

[10] A plaintiff must establish at trial, by appropriate proof, an actual injury to her interests in order to recover. It is a basic part of the cause of action. Here, since trial will be on the issue of nondischargeability of claims under § 523(a)(6), Mrs. Callies will be required to prove that she holds such claims individually, as will Mr. Callies. Absent establishing a claim exists, there is no basis to consider whether the same would be dischargeable or not.

MEMORANDUM OF DECISION - 12

limited to that under § 523(a)(6). Only exhibits disclosed on or before May 21, 2012, may be offered. Rebuttal exhibits may be offered within the discretion of the Court upon adequate showing of cause. Mrs. Callies may participate as a party Plaintiff. An order will be entered consistent with this Decision.

DATED: December 10, 2012



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 13